UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ROB MARTIN                                                              Plaintiff

v.                                                        Civil Action No. 4:26-cv-6

ERIE INSURANCE COMPANY                                      Defendant

* * * * *

## MEMORANDUM ORDER & OPINION

Defendant Erie Insurance Company ("Erie") moves to bifurcate and stay discovery. [DE 6]. Plaintiff Rob Martin ("Martin") did not file a response and the time to do so has passed. The motion is ripe. For the reasons below, Erie's Motion to Bifurcate [DE 6] is **GRANTED**, and Erie's Motion to Stay Discovery [DE 6] is **DENIED**.

## I.        BACKGROUND

Martin owned property located at 1519 W.2nd St., Owensboro, Kentucky, and maintained a property insurance policy covering the property with Erie. [DE 1-1 at 5-6]. The insurance contract allowed for replacement cost of the property in the event of a covered loss. [DE 20 at 225]. In March 2025, Martin alleges a hailstorm damaged the subject property. [DE 1-1 at 6]. Martin asserts that he timely reported the loss to Erie and that Erie wrongfully refused to pay the full loss for benefits owed under the policy. [*Id.*]. A demand letter attached to the Notice of Removal by Erie indicates the dispute centers on Erie's refusal to pay for part of the damages, those inside the property caused by damage to the roof that resulted in a leak. [DE 1-2].

Martin filed in Daviess Circuit Court, alleging claims of breach of contract, statutory bad faith under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), and common law bad faith. [DE 1-1]. Shelter removed this case to federal court under diversity jurisdiction. [DE

1

1].  Plaintiff alleges that Shelter breached the insurance contract because: (1) Martin suffered a covered loss under the insurance policy, (2) Erie failed to pay any of the benefits due under the Policy, (3) Martin was damaged by Erie's breach of the insurance policy, (4) Martin continues to suffer damages from this breach, and (5) Martin is entitled to compensation for the breach.  [*Id.* at 6-7].  Martin contends that Erie violated the KUCSPA and common law bad faith, in relevant part, by: (1) misrepresenting insurance policy provisions relating to coverage issues, (2) failing to acknowledge and act reasonably and promptly, (3) failing to adopt and implement reasonable standards for promptly investigations of claims, (4) refusing to pay the claim without conducting a reasonable investigation, (5) not attempting in good faith to effectuate prompt, fair and equitable settlement, (6) attempting to settle for less than the amount a reasonable person would believe entitled by reference to written or printed advertising accompanying or part of the application, (7) compelling Martin to institute litigation to recover benefits owed under the insurance policy, and (8) failing to promptly provide a reasonable explanation of the basis in the insurance policy for denying the claim.  [*Id.* at 7-9].

Erie now moves to bifurcate the bad faith claims and stay discovery, pending resolution of the breach of contract dispute.  [DE 6].  Martin filed no response and the time to do so has passed.

## II.    DISCUSSION

### A. Bifurcation

Erie argues that the Court should bifurcate Martin's bad faith claims from his breach of contract claims, and stay discovery, because "Plaintiff's bad faith claim against Erie would involve the presentation of evidence and issues which are unnecessary to the determination of the Plaintiff's underlying contract claim."  [DE 6-1 at 133].

2

Pursuant to Federal Rule of Civil Procedure 42(b), the moving party bears the burden of showing that bifurcation of a bad faith claim would: (1) serve the interest of convenience, (2) avoid undue prejudice, or (3) would expedite and economize the judicial proceedings. *See Dippin' Dots, LLC v. Travelers Prop. Cas. Co. of Am.*, 322 F.R.D. 271, 274 (W.D. Ky. 2017) (citing *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)). "Because [t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course, the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-CV-312, 2017 WL 354228, at *1 (S.D. Ohio Jan. 23, 2017) (internal quotation marks and citation omitted). The Sixth Circuit has repeatedly found that "[t]he decision whether to try issues separately is within the sound discretion of the court[.]" *Nelson v. Columbia Gas Transmission, LLC*, 808 F. App'x 321, 329 (6th Cir. 2020) (quoting *Bath & Body Works, Inc. v. Luzier Personalized Cosms., Inc.*, 76 F.3d 743, 747 (6th Cir. 1996)).

Generally, when determining whether to exercise the power to bifurcate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson*, 477 F.3d at 339 (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). "Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course." *Forrest B. White, Jr. Masonry, Inc. v. ABG Caulking Contractors, Inc.*, No. 5:13-CV-00194-TBR, 2014 WL 991734, at *1 (W.D. Ky. Mar. 13, 2014).

"When resolving one issue will likely dispose of other issues, bifurcation may be particularly appropriate." *Royal Consumer Prod. v. Martin Indus., LLC*, No. 3:15-CV-00830-

3

CRS, 2016 WL 3080841, at *1 (W.D. Ky. May 31, 2016). Courts in this district have bifurcated bad faith claims from other claims where resolution of a single claim would be dispositive of the entire case. *See, e.g.*, *Smith*, 403 F.3d at 407; *Austin v. State Farm Fire & Cas. Co.*, No. 1:23-CV-00140-GNS-HBB, 2024 WL 917380 (W.D. Ky. 2024); *Hub at Lovers Lane, LLC v. Cincinnati Ins.*, No. 1:24-CV-00006-BJB-HBB, 2024 WL 1701977 (W.D. Ky. 2024); *Brantley v. Safeco Ins. of Am.*, No. 1:11-CV-00054-R, 2011 U.S. WL 6012554 (W.D. Ky. 2011); *contra Curry v. State Farm Mut. Auto. Ins.*, No. 2:19-CV-4469, 2020 WL 13885993, at *2 (S.D. Ohio May 7, 2020) (noting that [a]lthough the general rule among district courts in Kentucky may be to grant bifurcation, district courts in the Southern District of Ohio routinely deny such motions and collecting cases). Generally, a bad faith claim fails if a plaintiff does not prevail on the coverage issue because "Kentucky law does not provide a bad-faith cause of action unless the plaintiff can prove that the insurance company had a contractual obligation to pay the claim." *Holloway v. Ohio Sec. Ins.*, No. 3:14-CV-00856-CRS, 2015 WL 6870141, at *1 (W.D. Ky. 2015); *See also, Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11-CV-00155, 2013 WL 98059, at 2* (W.D. Ky. 2013) ("Where the bad faith claim depends on the resolution of the underlying contractual dispute regarding the policy of insurance, it is reasonable for a court to resolve the coverage question before allowing the bad faith claim to proceed."). Courts in this district, however, have denied bifurcation where the facts at issue are inextricably intertwined and there is "no purpose to be served by bifurcation of the claims." *See Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001). Claims are inextricably intertwined when one would offer the same evidence to prove or defeat either claim. *Id.*

In this case and at this early stage of the litigation, Martins's bad faith claims appear intertwined with Martin's breach of contract claim. [*See* DE 1-3]. Under Kentucky law, Martin

must prove the following elements to prevail on either of his bad faith claims: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky.1993) (internal quotation marks omitted); *Shepherd v. Unumprovident Corp*., 381 F.Supp.2d 608, 612 (E.D. Ky. 2005) (citing *Curry v. Firema's Fund Ins. Co*., 784 S.W.2d 176, 178 (Ky. 1989) (the elements are the same whether the bad-faith claim is based in common law or statute). In Kentucky, a breach of contract claim requires the (1) existence of a contract; (2) breach of that contract; and (3) damages flowing from the breach of contract. *Rouse v. Farmer*, 2018 WL 2078030, at *4 (Ky. Ct. App. May 4, 2018). The evidence to be offered by Erie to establish that it acted with a reasonable basis or upon a reasonable foundation in denying the claim will be the same proof it would offer to counter Martin's allegation that the insurance contract was breached by the failure to pay the claim. The issues are inextricably intertwined.

That claims may require some of the same proof does not require denying bifurcation where bifurcation furthers the interest of judicial economy. *Dippin' Dots, LLC*, 322 F.R.D. at 274. And in insurance cases, courts have found "[i]ntroducing at trial evidence related to bad faith claims could likely confuse the jury . . ."  because jurors may conflate the bad faith claim with breach of contract or negligence claims. *Rowlett v. LM Ins.*, No. 6:20-CV-253-REW, 2021 WL 8998926, at *3 (E.D. Ky. 2021); *see also White*, 2014 WL 991734, at *4.  Likewise, "[t]rying the two claims together would be prejudicial because it would unnecessarily interject the issue of bad faith into the primary dispute of liability, thereby . . .  complicating the issues at trial . . ."  *Id.*

5

(citing *White*, 2014 WL 991734, at \*44).   Accordingly, bifurcation would likely prevent jury confusion and prejudice to Erie.   Further, Martin has not objected to bifurcation.

Weighing the factors, the Court finds some form of bifurcation of the trial in this matter appropriate.   Therefore, the Court will bifurcate the bad faith claims from Plaintiff's other claims during trial and **GRANTS** Shelter's Motion in this regard. [DE 6].  However, bifurcation does not necessarily mean severance of claims into two separate trials.  *Brown v. Tax Ease Lien Invs., LLC*, 77 F. Supp. 3d 598, 604 (W.D. Ky. 2015).  The court could bifurcate the claims within the same trial, with the jury only learning about the bad faith claims after a verdict on the initial claims. The Court reserves the right to determine later, for instance after resolving dispositive motions, how bifurcation of the trial will occur.

### B.  Stay Discovery

Erie also asks the Court to stay discovery because prevent it would prevent potentially unnecessary discovery and it would avoid unnecessary discovery disputes over potentially privileged and/or confidential materials. [DE 6 at 135].  "Although bifurcation of the trial does not necessarily require bifurcation of discovery, the decision to stay [ ] discovery is within the discretion of the trial court." *O'Hara v. Laurel Cnty. Corr. Ctr.*, No. 6:23-CV-026-CHB, 2023 WL 5729212, at \*11 (E.D. Ky. Sept. 5, 2023) (quoting *Riedling v. Motorists Ins. Grp.*, No. CV-11-47-DLB, 2011 WL 13228003, at \*2 (E.D. Ky. June 8, 2011) (cleaned up)). Like bifurcation, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).  However, the issue of bifurcation is independent of staying discovery. *Warner as Trs. for Bernard Ridge Church of God v. State Auto Prop. & Cas. Ins. Co.,* No. 118-CV-168-GNS-HBB,

2019 WL 13218779, at *3 (W.D. Ky. Apr. 30, 2019). "Stay is appropriate where claims may be dismissed based on legal determinations that could have been altered by any further discovery." *Id*. (citing *Gettings*, 349 F.3d at 304). Thus, it is in the Court's discretion to bifurcate the claims, yet not hold discovery in abeyance. *See id*.

As discussed above, Martin's breach of contract and bad faith claims are inextricably intertwined. *See Tharpe*, 199 F.R.D. at 215. "[B]ecause the lines between these claims are somewhat blurred in this case, any bifurcation of discovery would inevitably lead to more litigation about where the line between permissible discovery and deferred discovery would be drawn and would create inefficiencies such as multiple depositions of the same witnesses." *O'Hara v. Laurel Cnty. Corr. Ctr.,* No. 6:23-CV-026-CHB, 2023 WL 5729212, at *12 (E.D. Ky. Sept. 5, 2023) (quoting *Duggan v. The Vill. of New Albany*, 2009 WL 2132622, at *4 (S.D. Ohio 2009)). A stay of discovery on the bad faith claims not lend itself to convenience and economy, as discovery for the two claims "overlap and involve the same parties, actions, inactions and time frame." *Id*. Therefore, because Plaintiff's claims overlap and involve the same parties, actions, inactions, and timeframes, and otherwise require some of the same evidence to prove each, Erie's request for a stay in discovery [DE 6] is **DENIED**.

## CONCLUSION

Having thus considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)  Erie's Motion for Bifurcation [DE 6] is **GRANTED as to the trial in this matter.** The Court will determine how bifurcation at trial will occur closer to the trial date.

(2)  Erie's Motion to Stay Discovery [DE 6] is **DENIED**.

(3)  The Court will separately issue a referral to the Magistrate Judge for a Rule 16 conference.

February 12, 2026

Rebecca Grady Jennings, District Judge

United States District Court